UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID HARDY,

       Plaintiff,                  Case No. 2:09-cv-257

v.                                HON. GORDON J. QUIST

KYLE D. WOOD, et al.,

       Defendants.
_____/

## REPORT AND RECOMMENDATION

This is a civil rights action brought by state a prisoner, David Hardy, pursuant to 42 U.S.C. § 1983. On January 27, 2010, this court ordered service on defendants Merlene and Wood. Defendants Merlene and Wood move for summary judgment for plaintiff's failure to exhaust his grievance remedies against them. Plaintiff has responded and has moved for summary judgment. Plaintiff alleges that defendant Wood denied him mental health treatment and defendant Merlene called him a rapist in the presence of other inmates making him a target for violence.

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005)

(quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

A prisoner's failure to exhaust his administrative remedies is an affirmative defense, which defendants have the burden to plead and prove. *Jones v. Bock*, 127 S. Ct. 910, 919-21 (2007). A moving party without the burden of proof need show only that the opponent cannot sustain his burden at trial. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). A moving party with the burden of proof faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). "Where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit repeatedly has emphasized that the party with the burden of proof "must show the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it." *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000); *Cockrel*, 270 F.2d at 1056 (same). Accordingly, summary judgment in favor of the party with the burden of persuasion "is

inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999).

Defendants claim that they are entitled to summary judgment because plaintiff failed to exhaust his available administrative remedies. Plaintiff claims that defendants are estopped from asserting that he did not exhaust his administrative remedies because of the threats and inhibiting conduct by prison officials.

Pursuant to the applicable portion of the Prison Litigation Reform Act (PRLA), 42 U.S.C. § 1997e(a), a prisoner bringing an action with respect to prison conditions under 42 U.S.C. § 1983 must exhaust his available administrative remedies. *See Porter v. Nussle*, 534 U.S. 516, 532 (2002); *Booth v. Churner*, 532 U.S. 731, 733 (2001). A prisoner must first exhaust available administrative remedies, even if the prisoner may not be able to obtain the specific type of relief he seeks in the state administrative process. *See Porter*, 534 U.S. at 520; *Booth*, 532 U.S. at 741; *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000); *Freeman v. Francis*, 196 F.3d 641, 643 (6th Cir. 1999). In order to properly exhaust administrative remedies, prisoners must complete the administrative review process in accordance with the deadlines and other applicable procedural rules. *Jones v. Bock*, 127 S. Ct. 910, 922-23 (2007); *Woodford v. Ngo*, 126 S. Ct. 2378, 2386 (2006). "Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" *Jones*, 127 S. Ct. at 922-23.

MDOC Policy Directive 03.02.130 (effective July 9, 2007), sets forth the applicable grievance procedures for prisoners in MDOC custody at the time relevant to this complaint. Inmates must first attempt to resolve a problem orally within two business days of becoming aware of the grievable issue, unless prevented by circumstances beyond his or her control *Id.* at ¶ P. If oral resolution is unsuccessful, the inmate may proceed to Step I of the grievance process and submit a

completed grievance form within five business days of the attempted oral resolution. *Id.* at ¶ P. The Policy Directive also provides the following directions for completing grievance forms: "The issues shall be stated briefly. Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included." *Id.* at ¶ R (emphasis in original). The inmate submits the grievance to a designated grievance coordinator, who assigns it to a respondent. *Id.* at ¶ X.

If the inmate is dissatisfied with the Step I response, or does not receive a timely response, he may appeal to Step II by obtaining an appeal form within ten business days of the response, or if no response was received, within ten days after the response was due. *Id.* at ¶¶ T, DD. The respondent at Step II is designated by the policy, *e.g.,* the regional health administrator for a medical care grievances. *Id.* at ¶ GG. If the inmate is still dissatisfied with the Step II response, or does not receive a timely Step II response, he may appeal to Step III. *Id.* at ¶ FF. The Step III form shall be sent within ten business days after receiving the Step II response, or if no Step II response was received, within ten business days after the date the Step II response was due. *Id.* at ¶ FF. The Grievance and Appeals Section is the respondent for Step III grievances on behalf of the MDOC director. *Id.* at ¶ GG. Time limitations shall be adhered to by the inmate and staff at all steps of the grievance process. *Id.* at ¶ X. "The total grievance process from the point of filing a Step I grievance to providing a Step III response shall be completed within 90 calendar days unless an extension has been approved . . . ." *Id* at ¶ HH.

Defendants have shown that plaintiff has only exhausted one grievance through Step III. That grievance involved typing paper. Although plaintiff alleges that he filed other grievances, plaintiff has not contradicted defendants' showing that he failed to exhaust his other grievance

filings. Instead, plaintiff argues that defendants cannot rely on his failure to exhaust his grievances, because it was prison officials who harassed and inhibited him from exhausting his grievances against defendants. Plaintiff argues that defendants should be estopped from asserting that he failed to exhaust his grievance remedies. Plaintiff more specifically claims that defendant Merlene called him a rapist which qualifies as inhibiting conduct preventing him from exhausting his grievance remedies. Further, plaintiff claims that he was unable to exhaust his claims against defendant Wood because the MDOC policy is confusing and deceptive. Plaintiff claims that he is unable to understand the policy. For this reason, plaintiff requests that the court "abrogate" the MDOC grievance policy.

The MDOC grievance policy is simple and straightforward. Plaintiff cannot excuse his failure to exhaust his grievances by claiming that the policy is confusing or that harassing statements made by prison employees, including a defendant, excuse his obligation to exhaust his grievance remedies. In the opinion of the undersigned, plaintiff's failure to exhaust his grievance remedies against the remaining defendants Merlene and Wood requires dismissal of this case. *See Napier v. Laurel County*, No. 09-6239 (6th. Cir., Feb. 9, 2011) (attached).

For the foregoing reasons, I recommend that defendants' motion for summary judgment (Docket #25) be granted, plaintiff's counter motion for summary judgment (Docket #31) be denied, and this case be dismissed in its entirety.

Should the court adopt the report and recommendation in this case, the court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the undersigned recommends granting Defendants' motion for summary judgment, the undersigned discerns no good-faith basis for an appeal. Should the court adopt the report and

recommendation and should Plaintiff appeal this decision, the court will assess the $455 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455 appellate filing fee in one lump sum.

        /s/ Timothy P. Greeley
       TIMOTHY P. GREELEY
       UNITED STATES MAGISTRATE JUDGE

Dated: February 9, 2011

## NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within 14 days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).