UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DAVID HARDY,

    Plaintiff,

v.                                             Case No. 2:09-CV-257

KYLE D. WOOD, et al.,                 HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING
## REPORT AND RECOMMENDATION

Plaintiff, David Hardy, has filed an Objection to the Report and Recommendation issued February 9, 2011, in which Magistrate Judge Greeley recommended that the Court grant Defendants Merlene and Wood's motion for summary judgment based on failure to exhaust, deny Plaintiff's counter motion for summary judgment, and dismiss the case in its entirety. The magistrate judge concluded that Plaintiff failed to exhaust his grievances raising the claims he asserts in this case. The magistrate judge further concluded that Plaintiff's assertions that Defendants harassed and inhibited him from exhausting his grievances and that the MDOC grievance policy is confusing and deceptive do not excuse Plaintiff's failure to exhaust as required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a). (Report & Recommendation at 4-5.)

After conducting a *de novo* review of the Report and Recommendation, Plaintiff's Objection, and the pertinent portions of the record, the Court will adopt the Report and Recommendation.

In his Objection, Plaintiff again argues that Defendants should by estopped from asserting that he failed to exhaust based upon Defendant Merlene calling Plaintiff a rapist, which caused Plaintiff to live in a profound state of fear and trepidation. Several circuits have held that prison officials' threats intended to intimidate or dissuade prisoners from filing grievances may estop or

preclude prison officials from raising failure to exhaust as an affirmative defense. *See Turner v. Burnside*, 541 F.3d 1077, 1085 (11th Cir. 2008) (concluding "that a prison official's serious threats of substantial retaliation against an inmate for lodging or pursuing in good faith a grievance makes the administrative remedy 'unavailable'"); *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006) ("Prison officials may not take unfair advantage of the exhaustion requirement, however, and a remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from exhausting."); *Hemphill v. New York*, 380 F.3d 680, 688 (2d Cir. 2004) (noting that "threats or other intimidation by prison officials may well deter a prisoner of 'ordinary firmness' from filing an internal grievance").[1] The Sixth Circuit apparently has not considered whether estoppel may be asserted against a prison official's defense of failure to exhaust. In any event, even if estoppel could apply, Plaintiff's allegations are insufficient to excuse exhaustion because they show no more than Plaintiff had a subjective belief of negative consequences if he pursued the grievance process. Plaintiff does not claim that Defendant Merlene threatened to harm Plaintiff or take other action against him if he filed a grievance against Defendant Merlene, and the context in which Defendant Merlene allegedly called Plaintiff a rapist had nothing to do with Plaintiff filing grievances. In fact, the harassing statement Plaintiff cites as an excuse for failing to exhaust is the underlying basis for Plaintiff's claim against Defendant Merlene.

Plaintiff also asserts that he should be excused from exhausting because the MDOC's grievance procedure is confusing and deceptive. Plaintiff asserts that the policy is confusing

---

[1] The Court notes that following the Supreme Court's decision in *Woodford v. Ngo*, 548 U.S. 81, 126 S. Ct. 2378 (2006), it is unclear whether, or to what extent, exceptions to exhaustion may be properly recognized. *See Perry v. Green*, No. 08-12740, 2009 WL 814447, at * (E.D. Mich. Mar. 26, 2009)

2

because it does not define a grievable issue. However, as the magistrate judge properly concluded, this is no excuse for failing to exhaust. As the Sixth Circuit made clear in *Napier v. Laurel County*, __ F.3d __, 2011 WL 420503 (6th Cir. 2011) – a copy of which was attached to the Report and Recommendation – so long as an administrative process is *available*, the prisoner must at least attempt to satisfy its requirements. *Id.* at *3 (stating that "when a reasonable policy is in place, but is silent or vague in a particular circumstance, courts must look to see whether the prisoner has attempted to satisfy the requirements of the policy"). Here, it is undisputed that Plaintiff made no attempt to comply with the MDOC's policy. Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation issued February 9, 2011 (docket no. 34) is **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motion for Summary Judgment Based on Failure to Exhaust Administrative Remedies (docket no. 25) is **GRANTED**, and Plaintiff's complaint is **dismissed**.

**IT IS FURTHER ORDERED** that Plaintiff's Counter Motion for Summary Judgment (docket no. 31) is **DENIED**.

**IT IS FURTHER ORDERED** that the Court can discern no good-faith basis for an appeal. Accordingly, an appeal of this action would not be taken in good faith.

This case is **concluded.**


Dated: March 28, 2011                              /s/ Gordon J. Quist
                                              GORDON J. QUIST
                                         UNITED STATES DISTRICT JUDGE